IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514
    Petitioner                :

       v.                    :  CIVIL ACTION NO.  CCB-11-1619

U.S. DEPARTMENT OF JUSTICE    :
    Respondent

**MEMORANDUM**

Warren Chase, a Maryland Division of Correction prisoner presently confined at the North Branch Correctional Institution in Cumberland (NBCI), filed an action seeking to have this court compel production of copy work from court records. As he names the United States Department of Justice ("DOJ") as the sole respondent, the court presumes he is requesting the DOJ review the copy work, which consists of extensive pleadings filed in his various federal actions and then convene investigation into Chase's claims of "abuse, racism, unlawful conduct stealing U.S. Mail etc."

The action is construed as a request for relief pursuant to 28 U.S.C. § 1651. Under this general writ statute, the federal district court may issue all writs necessary or appropriate in aid of its jurisdiction. Because petitioner seeks to compel certain actions by the Clerk of Court and/or the Department of Justice, the present matter most closely resembles a writ of mandamus. *See* 28 U.S.C. § 1361.

A federal district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that: he has the clear legal right to the relief sought; the respondent has a clear legal duty to do the particular act requested; and no other adequate remedy is available. *See In re First Fed.*

*Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted, *see In re Beard*, 811 F.2d 818, 826 (4th Cir.1987), is available only when the petitioner has a clear right to the relief sought, s*ee In re First Fed. Sav. & Loan Assn.,* 860 F.2d 135, 138 (4th Cir. 1988), and is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States District Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Such circumstances are not present here. While petitioner is free to contact the Department of Justice to ask that it convene an investigation into the injustices alluded to in the petition, he has no right to compel such investigation[1] or to mandate that this court provide or the DOJ review copies of documents petitioner contends support his claims.

The petition will be denied and the case dismissed. A separate order follows.

| | |
|---|---|
| June 17, 2011 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] The Supreme Court has consistently held that a citizen lacks standing to contest the policies of a prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. *See Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961). Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.